TREO CO. v. JOHNSON et al.

(District Court, S. D. Ohio, W. D.   June 25, 1917.)

No. 77.

PATENTS ☞328—INFRINGEMENT—"CORSET."
  Letters patent No. 1,104,664, entitled "Supporting Belt," and described as a "low corset," *held* valid, but not infringed, by defendant's device, in view of narrowness of complainant's patent, which, though describing the same as a "corset," is not such, in that it does not inclose the chest and waist as a corset worn by women to support or correct the figure.

In Equity.  Suit by the Treo Company, a corporation, against Edward Johnson and another, copartners trading as the Uprite Manufacturing Company.  Bill dismissed.
Decree affirmed 260 Fed. 407, —— C. C. A. ——.

Victor D. Borst, of New York City, and Kittredge, Wilby & Stewart, for complainant.
Allen & Allen, of Cincinnati, Ohio, for defendants.

HOLLISTER, District Judge.  Action for infringement of patent.  Defense: Lack of invention and anticipation, and denial of infringement.

The letters patent (No. 1,104,664, granted to Guggenheim July 21, 1914) are entitled "Supporting Belt"; the two claims describing the device as a "low corset."  It is not a corset at all, as that word has been generally understood.  It does not inclose the chest and waist, worn—chiefly by women—to support or correct the figure.  Webster.  It differs from abdominal belts, as those commodities were known for many years prior to the date the patent was granted, in that it does not hold up the abdomen at all.  The drawing of the patent (Fig. 3) is very like surgical bands, Exhibits N and O, which, if provided with an opening either in front or behind and composed of lighter material, would, to some extent, serve the same purposes as that part of complainant's device (Exhibit 5) which is below the band or belt about three inches below the top.  They would serve as hip reducers, as does also that device to some extent.

The nearest approach to complainant's device as it is put on the market (which differs in material respects from the drawing) are Exhibits S and T, which are not abdominal belts, but are hip reducers, and have, about three inches below their top, a band or zone of less yielding material than the rest of the garment, quite similar in purpose and function to that band or zone in complainant's device. That part of the garment above the band serves to hold in its natural shape the part of the human body to which it is applied, as does complainant's.  It does not appear that Exhibits S and T were ever used as corsets, or had depending therefrom hose straps, and they are to some extent shaped to the body, while complainant's device is not, and not intended to be.  Assuming, however, that S and T might be regarded as anticipations, the testimony concerning the time

at which they were made, while strong, is not of that character required to prove prior use.

The patent itself was granted after much deliberation after references to prior patents; and, while the patent is about as narrow as any patent could be and still survive as such, yet it made a marked impression on the market, and the complainant has built up an important business on it. It is useful, and, with Exhibits S and T out of the way, novel. On the whole, the court is not convinced that the prima facie validity of the patent has been overcome by anything in the case.

Complainant's device differs from his drawings, and, while more resembling a corset, is not in fact a corset and could not be used as such. It was made to shape itself to the figure below the bust. The less yielding band is at the waist line; the part above the band holding the figure in shape below the bust.

It will be seen, upon examination of the offending article (Exhibit No. 2, "Paris Girdle"), that the band of less yielding material is at the waist line, and the article is devoid of that feature of complainant's device and drawing, extending several inches above the band of less yielding material. This band, in defendant's device also, is applied to the figure at the waist line, so that it is quite clear that defendant's device differs from complainant's in at least one very important particular. Defendant's device much more nearly resembles the surgical belts, long known to the market, than does complainant's device; and, considering the narrowness of complainant's patent, defendant's device cannot be said to infringe it. This was the opinion of the court when the case was tried, and some consideration since has not changed the court's view at that time entertained and expressed.

The conclusion is that the complainant's patent is valid, but that defendant's device does not infringe it. Order accordingly.